DANIEL SWEENEY, APPELLANT, *v.* JOANNA L. ST. JOHN AND OTHERS, RESPONDENTS.

*Easement — how created — if by a writing, it must be definite in its terms — The presumption of a grant, when it is not in this state applicable to the mere enjoyment of light and air — A license as distinguished from an easement.*

APPEAL by the plaintiff from a judgment directed by the Special Term, denying the relief asked for by the plaintiff and granting to the defendants affirmative relief.

The plaintiff brought this suit in equity to restrain the defendants from interfering with his erection of certain fire escapes, and the closing up of the windows in a party wall, between the property of the plaintiff and the defendant St. John.

The defendant Joanna L. St. John interposed as a defense, that the windows were placed in the party wall by an agreement entered into between herself and Mrs. Van Zandt, the former owner of the plaintiffs' property, while the party wall was being constructed, and for that reason she should not be deprived of the right and privilege of maintaining the windows as located. Such agreement being averred in the answer, in substance as follows: That it was understood and agreed by and between Mrs. Van Zandt and herself, as

part of the consideration and agreement for the erection and maintaining of the party wall, that Mrs. Van Zandt should permit the construction of the windows on each floor of said building, so to be erected upon the said lot No. 68 Chatham street, on the northerly side of the said building and in the party wall so to be constructed as aforesaid.

The defendants demanded that the complaint be dismissed, and asked for a personal judgment against the plaintiff in the sum of $5,000.

After holding that there was an utter failure to identify her with the instrument; that there was no proof that any person ever negotiated with Mrs. Van Zandt on the subject of placing windows in the wall, or that the paper was in her handwriting or had her genuine signature attached thereto.

That in view of the doubt expressed by the witness Bradshaw, as to who delivered the same to him, and the evidence of Mr. Sweeney, that he had no recollection of the fact, it could not be properly held that Mr. Sweeney was the person who received the same from the hands of Mrs. Van Zandt, and delivered it to her agent, Mr. Bradshaw.

That it therefore should be held upon this appeal that the conclusion reached by the trial court, that Mrs. Van Zandt gave consent in writing that the windows might be placed in the party wall, was unsupported by the evidence and should be reversed, and that the finding being unsustained, the decree could not be upheld in any of its provisions upon the other findings of fact as set forth in the decision.

The court at General Term said: "But if it be conceded as true that Mrs. Van Zandt did sign and cause to be delivered, the paper relied on as a consent, then I remain of the opinion that the decree cannot be upheld.

·  "The instrument is insufficient to create an easement of the nature and character relied upon.

"The right to have light and air come uninterruptedly over the lands of another, is an easement which can only be created by deed, or grant, or prescription from which the grant may be presumed. (2 Wash. on Real Prop., 275, 277.)

"This paper writing has none of the requisite of a grant. It was not under seal — was not acknowledged — there was no witness to

its execution and delivery, and it does not express any consideration. The privilege and right granted is not described with certainty, and is so vague and indefinite that it cannot receive an intelligent interpretation, describing and defining the estate created in favor of the grantee in the lands of the grantor.

"The witness Bradshaw is unable to give the language of the instrument. By collecting together his various expressions as to its contents and the nature of the thing granted, and giving to the same the most favorable meaning in favor of the defendants' contention, it may be read as if in the following language: 'I consent to the placing of windows in the party wall between my lot and Mrs. St. John's lot, to continue until the space in the rear should be required for building purposes.'

"The number of windows to be used, where the same were to be located in the wall, or the size of the same, are not mentioned.

"The right to perpetually maintain, as now located, the twenty windows placed in the wall, would, in effect, deprive the plaintiff of all use of three-eighths of the party wall and largely destroy the value of the adjoining lot and prevent any alterations or enlargement of the building now on the same, or the construction of a new one.

"When parties to an instrument so indefinite as this fail themselves to agree upon and define its meaning and to settle disputes arising thereunder, the courts cannot be appealed to to determine the interests and rights of the respective parties, and the same must be regarded as an imperfect and incomplete agreement upon which no relief can be granted.

" The right awarded the defendant St. John to have her building lighted by the use of the twenty windows placed in every section of the party wall is, in the terms of the judgment, an easement, and for its enjoyment requires that she have an interest in the plaintiff's land.

"For the reason we have mentioned the consent, if it was in writing, grants no interest of that nature and magnitude, and is not valid and sufficient for that purpose.

" The windows were in and had been used for a period of more than twenty years when the action was commenced. From such a user for this period the law will not presume that the use and

enjoyment had its foundation in a grant executed and delivered by the proper parties with the intent and for the purpose of securing an easement to the owner of the building enjoying the same.

" In this State the doctrine of the presumption of a grant is not applicable to the enjoyment of light and air, which the owner of a building enjoys by receiving the same from and over the open and unoccupied lands of an adjoining owner.

" To authorize the presumption of a grant in any case the enjoyment of the easement must not only be uninterrupted for the period of twenty years, but it must be adverse, not by leave or favor, but under a claim of right, and it must be with a knowledge and acquiescence of the owner.

" The placing of a window in one's own house located upon his own land and overlooking the land of his neighbor is no encroachment of his neighbor's rights and, therefore, cannot be regarded as adverse to him. It is a mere enjoyment of a right for which no action lies.

" These are the short grounds of the decisions where the law is stated more fully. (*Parker* v. *Foote,* 19 Wend., 309 ; *Rogers* v. *Sawin,* 10 Gray, 379 ; 2 Wash. on Real Prop., 316, 318 ; *Palmer* v. *Wetmore,* 2 Sandf. Supr. Ct. Rep., 316 ; *Myers* v. *Gemmell,* 10 Barb., 337.)

" This rule of law should have a full and unrestricted application in all the cities and populous communities in the State, where lands are divided up into small parcels and lots for business purposes and residences, and light and air are usually received into buildings erected thereon from public streets or open spaces reserved by owners on their own property.

" When light and air are received through windows directly from the adjoining lands in which the owner of the building has no interest, he is in no way occupying the lands and premises of another, consequently there is no disturbance or interference with such owner's estate.

" As we have before stated, the proof fails to establish that Mrs. Van Zandt gave a written consent, or that the windows were put in the wall in pursuance of any contract, either written or oral, which was established on the trial.

" It only remains to inquire if any other fact was established

which entitles the defendant to the judgment dismissing the plaintiff's complaint and granting the defendants the relief awarded.

" The strongest statement which can be made from all the evidence in favor of the defendants' contention is that Mrs. Van Zandt knew that the openings were placed in the wall at the time of its erection, and that she, and they who claim under her, have impliedly consented to the use of the wall for that purpose for the period of over twenty years. This, in effect, amounts to a parol license and nothing more.

" Such license or permit is not in the nature of an agreement, and is without consideration and was intended to be temporary, and was therefore revocable at the pleasure of the licensor and those who claim under her as subsequent owners.

" A license is an authority to enter upon the lands of another to do a particular act or a series of acts without possessing any interest in the lands. It is founded in personal confidence, is not assignable, and it may be valid though not in writing.

" A license to enter upon lands does not purport to convey any interest in the same. It is substantially a promise without a consideration, a consent that the licensee may enter and enjoy without compensation to be paid to the owner.

" It differs from an easement, which is an interest in land and which by the requirements of the statute of frauds must be in writing." (*Fentiman* v. *Smith*, 4 East, 107; *Heulins* v. *Shippam*, 11 Eng. Common Law Rep., 437 ; *Mumford* v. *Whitney*, 15 Wend., 387; *Dolittle* v. *Eddy*, 7 Barb., 78; *Morse* v. *Copeland*, 2 Gray, 302; *Wiseman* v. *Lucksinger*, 84 N. Y., 36.)

*A. J. Vanderpoel* and *Robert S. Green*, for the appellant.

*A. J. Dittenhoefer*, for the respondents.

Opinion by BARKER, J.; DANIELS, J., concurred; BRADY, P. J., concurred in the result.

Judgment reversed, new trial granted, costs to abide event.